ALLAN BAILEY, ESQ., #258295
KRASE, BAILEY, REED-KRASE, LLP
132 East Morton Avenue
Porterville, California 93257
Telephone: (559) 784-2353
Facsimile:  (559) 784-2463

Attorneys for Yvette Lynne Jaquish

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| Yvette L. Jaquish, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>The Standard Insurance Company, an Oregon Corporation; The Standard Insurance Company, an Oregon Corporation, as administrator of the California Teachers Association Economic Benefits Trust Group Disability Policy and DOES 1 through 100,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; STATUTORY PENALTIES; MONEY DAMAGES PLUS PREJUDGMENT AND POST JUDGMENT INTEREST; AND ATTORNEY'S FEES AND COSTS** |

*CLAIM FOR RELIEF AGAINST DEFENDANTS FOR PLAN BENEFITS ENFORCEMENT, CLARIFICATION OF RIGHTS, STATUTORY PENALTIES, PREJUDGMENT AND POST-JUDGMENT INTEREST, AND ATTORNEYS' FEES AND COSTS*

**[29 U.S.C. § 1132(a)(1)(B)]**

1.  Plaintiff, Yvette L. Jaquish, an individual, is, and at all times relevant to the present action was, an employee of Porterville Unified School District (PUSD) located in Tulare County, California and a resident of Tulare County, California.

2.  On information and belief, Plaintiff alleges that Defendant The Standard Insurance Company is a valid corporation formed in the State of Oregon and that Defendant is also licensed to operate in the State of California. It's NAIC # is 69019 and its California Company ID # is

0988-6. Defendant's headquarters are in Portland, Oregon and it has offices in Walnut Creek, California and Sherman Oaks, California.

3. Defendant The Standard Insurance Company is the insurance company that issued the Group Disability Insurance Policy number 501000-M to the California Teachers Association Economic Benefits Trust, which policy is herein after referred to as the "Plan." On information and belief, Plaintiff alleges that Defendant The Standard Insurance Company administers the policy and all claims for disability associated therewith.

4. The true names and identities of Defendants sued herein under the names of Does 1 through 100 are unknown to Plaintiff, who will amend this Complaint to show their true names and identities when the same have been ascertained. The term "Defendants," as used hereinafter, shall include the Standard Insurance Company both in its capacity as a corporation and in its capacity as administrator of the Plan and Does 1 through 100, inclusive. It should be noted that Plaintiff has not sued the California Teacher's Association as Defendant The Standard Insurance Company expressly represented to Plaintiff that Defendant The Standard Insurance Company administers all claims on behalf of the California Teacher's Association. In the event this express statement turns out to be false, Plaintiff reserves the right to later substitute the California Teacher's Association as a Doe Defendant.

5. This action is brought under 29 U.S.C. §§ 1132(a), (e), (f), and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under employee benefit plans regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of the employee benefit Plan, enforcing Plaintiff's rights under the terms of said Plan, and to clarify Plaintiff's rights to future benefits under the employee benefit Plan named as Defendants. Plaintiff seeks relief, including but not limited to: payment of benefits, prejudgment and post-judgment interest, reinstatement to the benefit plans at issue herein, and attorney's fees and costs.

6. Plaintiff is informed and believes that Defendants operate the Plan, which Plan is an employee welfare benefit plan regulated by ERISA, issued to the California Teachers Association

COMPLAINT FOR BREACH OF ERISA; ENFORCEMENT AND CLARIFICATION OF RIGHTS; MONEY DAMAGES; PREJUDGMENT/POSTJUDGMENT INTEREST; ATTORNEY'S FEES AND COSTS

Economic Benefits Trust, under which Plaintiff is and was a participant, and under which Plaintiff is entitled to short term disability benefits ("Disability Benefits"). Pursuant to the terms and conditions of the Plan, Plaintiff is entitled to Disability Benefits for the period Plaintiff was disabled and otherwise met the Plan's requirements. The Plan is doing business in this judicial district in that they cover employees residing in this judicial district.

7. Defendants specifically availed themselves to this judicial district by actively seeking to enroll members of the California Teachers Association, including but not limited to, those teachers residing and employed in Tulare County, California. The claim at issue herein was to be specifically administered in this judicial district. All treating physicians, and therefore necessary witnesses, practice in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

8. On or about December 1, 2014 Plaintiff was formally enrolled and thereafter covered by the Plan. On or about August 1, 2015 Plaintiff transferred from her former school district to work at PUSD and on or about September 1, 2015 Plaintiff's plan membership was transferred to reflect her employment at PUSD with no gap in coverage during the transition. On or about May 31, 2016 Plaintiff canceled her coverage. On or about July 6, 2016 Plaintiff submitted her application for re-enrollment. On or about August 1, 2016 Plaintiff was formally re-enrolled and paid policy premiums thereafter.

9. On or about February 24, 2017 Plaintiff submitted her request for Disability Benefits based on her pregnancy and imminent birth of her child and notified Defendants that her last day of work would be on February 27, 2017. Work missed due to pregnancy and recovery from birthing a child is covered by the Plan and eligible for Disability Benefits.

10. On March 6, 2017 Plaintiff gave birth to a healthy child. On March 7, 2017 Defendants notified Plaintiff that they would not be providing any short disability benefits at that time, but instead would be investigating Plaintiff's claim. On March 14, 2017 Defendants requested a 30-day extension to the 45-day time limit under ERISA to process a Disability Benefits claim.

11. Prior to March 26, 2017 Plaintiff provided all releases of medical records required by

**COMPLAINT FOR BREACH OF ERISA; ENFORCEMENT AND CLARIFICATION OF RIGHTS; MONEY DAMAGES; PREJUDGMENT/POSTJUDGMENT INTEREST; ATTORNEY'S FEES AND COSTS**

1  Defendants. No request for additional information was made to Plaintiff after the March 26, 2017
2  date. Defendants requested an additional 30-day extension in a letter dated April 27, 2017, though
3  postmarked May 5, 2017, but failed to identify in the letter the basis for needing the extension and
4  no facts or evidence of what caused the delay were provided.

5      12. On May 26, 2017 Plaintiff had not yet received any formal acceptance or denial of her
6  claim and therefore, by fax and mail, demanded a formal response from Defendants. Plaintiff also
7  notified Defendants that they had failed to comply with the deadlines for processing a claim
8  pursuant to 29 C.F.R. § 2560.503-1.

9      13. In a correspondence dated May 26, 2017, but postmarked May 30, 2017, Defendants
10 formally denied Plaintiff's claim, unilaterally rescinded her membership in the Plan and stated
11 they would issue a reimbursement for the premiums paid from August 1, 2017 through June 1,
12 2017. Between December 1, 2014 and June 1, 2017 Plaintiff was a Plan member for all but 37
13 days and paid premiums by means of direct debit from her paychecks.

14     14. On May 31, 2017 Plaintiff submitted to Defendants, by fax and mail, her request
15 under 29 C.F.R. § 2560.503-1 and 29 U.S.C. § 1024(b)(4) for all Plan documents, all documents
16 Defendants relied upon in administering Plaintiff's claim and all documents pertaining to Plaintiff.

17     15. On or about June 2, 2017 Defendants mailed their current file to Plaintiff. However,
18 Defendants failed to provide any records or their file from December 1, 2014 through May 31,
19 2016. These records are relevant as medical providers were previously disclosed to Defendants
20 and Defendants used this information to investigate Plaintiff's re-enrollment.

21     16. On July 5, 2017 Plaintiff requested an administrative review (appeal) of the
22 Defendants' determination and provided to them a correspondence from Plaintiff's medical
23 provider correcting an error in Plaintiff's medical records, which records were material to
24 Defendant's decision to rescind Plaintiff's membership in the Plan and which records were wholly
25 and completely unrelated to Plaintiff's claim for Disability Benefits.

26     17. In a correspondence dated August 18, 2017, Defendants erroneously and wrongfully
27 continued to uphold their prior determination denying Plaintiff's claim for Disability Benefits. The
28 correspondence was riddled with factual and legal errors, which errors raise serious doubt as to the

**COMPLAINT FOR BREACH OF ERISA; ENFORCEMENT AND CLARIFICATION OF RIGHTS; MONEY DAMAGES; PREJUDGMENT/POSTJUDGMENT INTEREST; ATTORNEY'S FEES AND COSTS**

KRASE, BAILEY, REED-KRASE, LLP
132 E. Morton Avenue
Porterville, CA 93257
(559) 784-2353

quality and impartiality of the review. Further, Defendants appeared to wholly disregard the correction provided from Plaintiff's medical provider.

18. Plaintiff has exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed with regard to her claim for Disability Benefits.

19. Defendants breached the Plan and violated ERISA in the following respects:

   a. Failing to pay benefit payments to Plaintiff at a time when Defendants knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Plan, as Plaintiff was temporarily disabled, as that term is defined by the Plan, and unable to work and therefore entitled to benefits. Even though Defendants had such knowledge, they refused to pay Plaintiff Disability Benefits;

   b. Failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the Plan documents, in relation to the applicable facts and Plan provisions, for the denial of Plaintiff's claim for Disability Benefits, including but not limited to violation of 29 C.F.R. § 2560.503-1, which violation gives rise to penalties under 29 U.S.C. 1132(c)(a);

   c. After Plaintiff's claim was denied and her membership in the Plan rescinded, Defendants failed to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect her claim along with an explanation of why such material is or was necessary;

   d. Concealing and withholding from Plaintiff the notice requirements Defendants were required to provide Plaintiff pursuant to ERISA and the regulations promulgated thereunder, particularly Code of Federal Regulations § 2560.503-1(f)-(g), inclusive which addresses the information and notice required to obtain a valid extension;

   e. Failing to properly and adequately investigate the merits of Plaintiffs disability claim and failing to provide a full and fair review of Plaintiff's claim; and

   f. Failing to provide Plaintiff's entire file and all documents pertaining to Plaintiff in Defendants' possession, including but not limited to those documents relevant to Plaintiff's initial

**COMPLAINT FOR BREACH OF ERISA; ENFORCEMENT AND CLARIFICATION OF RIGHTS; MONEY DAMAGES; PREJUDGMENT/POSTJUDGMENT INTEREST; ATTORNEY'S FEES AND COSTS**

enrollment with Defendants in the Plan and Plaintiff's transfer of benefits when she transferred school districts.

20. Plaintiff is informed and believes and thereon alleges that Defendants wrongfully denied her disability benefits under the Plan by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendants aware of once said acts or omissions are discovered by Plaintiff.

21. As a direct and proximate result of the aforementioned wrongful conduct of Defendants, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial and for penalties under 29 U.S.C. 1132(c)(a) for Defendants' failure to timely administer Plaintiff's claim and for Defendants' failure to produce all documents relevant to Plaintiff's claim.

22. As a further direct and proximate result of the aforementioned wrongful conduct of Defendants, Plaintiff in pursuing this action has been required to incur costs and attorneys' fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendants.

23. Plaintiff seeks to recover prejudgment and post-judgment interest, to the full extent allowed by ERISA, on all amounts recovered from Defendants.

24. The wrongful conduct of Defendants has created uncertainty where none should exist; therefore, Plaintiff is entitled to enforce her rights under the terms of the Plan and to clarify her right to future benefits under the terms of the Plan.

## PRAYER

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. Payment of all short term disability benefits due Plaintiff under the Plan;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the Plan;

3. Pursuant to 29 U.S.C. 1132(c)(a), payment of daily penalties for Defendants' failure to timely process Plaintiff's claim;

4. Pursuant to 29 U.S.C. 1132(c)(a), payment of daily penalties for Defendants' failure to produce all documents relevant to Plaintiff's claim;

**COMPLAINT FOR BREACH OF ERISA; ENFORCEMENT AND CLARIFICATION OF RIGHTS; MONEY DAMAGES; PREJUDGMENT/POSTJUDGMENT INTEREST; ATTORNEY'S FEES AND COSTS**

5. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

6. Payment of prejudgment and post-judgment interest as allowed for under ERISA;

7. Such other and further relief as this Court deems just and proper.

Dated: 1/19/2018

*[signature]*

Allan Bailey, Esq.,
Attorney for Plaintiff,
Yvette L. Jaquish

KRASE, BAILEY, REED-KRASE, LLP
132 E. Morton Avenue
Porterville, CA 93257
(559) 784-2353

-7-

**COMPLAINT FOR BREACH OF ERISA; ENFORCEMENT AND CLARIFICATION OF RIGHTS; MONEY DAMAGES; PREJUDGMENT/POSTJUDGMENT INTEREST; ATTORNEY'S FEES AND COSTS**